THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR22-0166-JCC |
| Plaintiff, | ORDER |
| v. | |
| MATTHEW SCHLEY, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to continue the trial date. (Dkt. No. 72.) Having thoroughly considered the briefing and the record, the Court hereby GRANTS the motion for the reasons described below.

Defendant was originally charged with Possession of a Controlled Substance with Intent to Distribute, namely 50 grams or more of a mixture of substance containing a detectable amount of methamphetamine. (*See* Dkt. No. 17.) He was recently charged by superseding indictment with also possessing fentanyl and heroin with an intent to distribute. (*See* Dkt. No. 65.) As a result, the mandatory minimum term of incarceration for the crimes charged, if convicted, is now 10 years rather than 5 years. *Compare* 21 U.S.C. § 841(b)(1)(A), *with* 21 U.S.C. § 841(b)(1)(B). Trial on this revised charge is currently set for December 4, 2023. (Dkt. No. 71.)

In moving to continue trial to October 15, 2024, Defendant cites the need for additional time investigate and prepare for trial, including independent testing of the substances seized.

(Dkt. No. 72 at 3–5.) While the Government challenges Defendant's assertions, (*see* Dkt. No. 73), the Court finds its argument(s) in opposition unavailing. The gravamen of the Government's motion is that Defendant has failed to act diligently. (*See generally* Dkt. No. 73.) Specifically, the Government suggests that because Mr. Illa initially refused to pursue re-testing, that his subsequent decision to do so is an improper "change of heart." However, Mr. Illa opted to pursue re-testing once the Superseding indictment was handed down, approximately a year after the first indictment was issued.[1] Notably, the Superseding indictment accused Defendant of additional drug crimes with a vastly greater penal exposure than what appeared in the initial indictment. (*See* Dkt. No. 65.) Currently, Defendant faces a ten-year mandatory minimum and a maximum of life in prison. Prior to this, Defendant faced a five-year mandatory and a maximum of 40 years. Accordingly, when Mr. Illa met with Defendant two weeks after the Superseding indictment was issued and agreed that a change in trial strategy was appropriate in light of the significant increase in Defendant's penal exposure, he was, in fact, acting diligently. The notion that Defense counsel should anticipate the Government's case and devise trial strategy well in advance of the Government's final refinement is frankly a distortion of the applicable standard. For the same reasons, the notion that Defense counsel had plenty of time to test the substances in the "interim" is unpersuasive if one begins from the date in which the Superseding indictment was handed down. Ultimately, Defendant has set forth proper grounds for requesting a continuance and defense counsel has faithfully pursued this option in light of new circumstances.

Accordingly, based on the Defendant's representations, the Court FINDS the following:

1. The ends of justice served by granting this continuance outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).
2. Proceeding to trial absent adequate time for counsel to prepare, taking into account the exercise of due diligence, would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

3. Taking into account the exercise of due diligence, a continuance is necessary to allow counsel the reasonable time necessary for effective preparation, reviewing discovery, and evaluating potential witnesses. 18 U.S.C. § 3161(h)(7)(B)(iv).

4. The additional time requested is a reasonable period of delay.

It is thus ORDERED that trial shall be continued to October 15, 2024. It is further ORDERED that the time between the date of this order and the new trial date is excludable time under 18 U.S.C. § 3161(h)(7)(A). The deadline for filing additional pretrial motions is similarly continued to September 6, 2024.

DATED this 14th day of November 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE